IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | 11 C 607 |
| v. ) | |
| ) | Judge George W. Lindberg |
| LARRY WILLIAMS, ) | |
| ) | |
| Petitioner. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is petitioner Larry Williams' motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in the underlying criminal proceeding, *United States v. Williams*, 04 CR 967. For the reasons stated below, the § 2255 petition is denied.

**I.     Background**

The following procedural history is drawn from the Court of Appeals' March 11, 2009 decision on petitioner's direct appeal. *See U.S. v. Williams*, 559 F.3d 607 (7th Cir. 2009). On November 30, 2004, petitioner was charged with knowingly and intentionally distributing in excess of fifty grams of crack cocaine on October 30, 2003, in violation of 21 U.S.C. § 841(a)(1). *See id.* at 607-08. On March 5, 2007, petitioner orally waived his right to a jury trial, and proceeded to bench trial before Judge Wayne Andersen. *Id*. at 608  Judge Andersen found petitioner guilty of the charged offense on March 6, 2007, and later sentenced him to 252 months imprisonment. *Id.*

Petitioner filed a direct appeal, in which he contended that the trial court erred in accepting his jury waiver without first ensuring that the waiver was knowing and intelligent. *Id*. at 607. The Court of Appeals affirmed petitioner's conviction. *Id.* at 615. The United States

Supreme Court denied petitioner's subsequent petition for a writ of certiorari. *See Williams v. U.S.*, 130 S. Ct. 1137 (2010).

Petitioner has now filed this petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In his habeas petition, petitioner asserts claims of ineffective assistance of counsel, and contends that he is entitled to be resentenced under the Fair Sentencing Act of 2010.

## II.     Analysis

Relief under 28 U.S.C. § 2255 is "reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). To succeed on his § 2255 petition, petitioner must show that the district court "sentenced him in violation of the Constitution or laws of the United States." *See id.* The Court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255.

### A.     Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claim, petitioner must prove that: (1) trial counsel's "representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Bell v. Cone*, 535 U.S. 685, 695 (2002) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). This Court's review of counsel's performance is "highly deferential." *Strickland*, 466 U.S. at 689.

#### 1.     Jury Waiver

Petitioner first argues that his attorneys in the trial court rendered ineffective assistance of counsel by failing to advise him of his choice to waive his right to a jury trial, failing to

inform him of the consequences of waiving his right to a jury trial, failing to ensure that his waiver was knowing and voluntary, and failing to object to the trial court's failure to conduct a *Delgado* colloquy[1] or require a written jury waiver in compliance with Federal Rule of Criminal Procedure 23. According to petitioner, he did not know the difference between a grand jury and a trial jury, and believed that the grand jury had already convicted him. Petitioner states that he would not have waived his right to a jury trial if he had understood the difference between a grand jury and a trial jury.

The government argues that petitioner cannot raise the issue of the validity of his jury waiver in these habeas proceedings because the issue was already decided on direct appeal. The Court agrees. A § 2255 habeas petition is "neither a recapitulation of nor a substitute for a direct appeal." *Varela v. U.S.*, 481 F.3d 932, 935 (7th Cir. 2007) (quoting *McCleese v. U.S.*, 75 F.3d 1174, 1177 (7th Cir. 1996)). Although *res judicata* does not apply in these habeas proceedings, this Court "may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in prior § 2255 proceedings." *See Olmstead v. U.S.*, 55 F.3d 316, 319 (7th Cir. 1995). Accordingly, this Court will not reconsider issues that petitioner raised on direct appeal, "absent changed circumstances." *See Varela*, 481 F.3d at 935.

On direct appeal, petitioner contended that the trial court erred in accepting his jury waiver without ensuring that it was knowing and intelligent. *Williams*, 559 F.3d at 607. The Court of Appeals reviewed the record for plain error because petitioner had not raised the issue in the trial court. *Id.* The Court of Appeals concluded that the trial court had erred in two ways:

---

[1] In *U.S. v. Delgado*, 635 F.2d 889, 890 (7th Cir. 1981), the Court of Appeals outlined a colloquy for trial courts to use before accepting a criminal defendant's jury waiver.

3

(1) by failing to conduct a *Delgado* colloquy, to confirm that the petitioner understood the nature of the right to a jury trial and the consequences of his waiver; and (2) by not requiring petitioner to submit his jury waiver in writing, in compliance with Federal Rule of Criminal Procedure 23(a). *Id*. at 609-10. However, on the limited record on direct appeal, petitioner was unable to meet his burden of showing that the trial court's acceptance of his jury waiver under these circumstances was plain error, by establishing "that he did not have a concrete understanding of his right to a jury and that it is reasonably probable that he would not have waived a jury had he had such an understanding." *Id.* at 615.

At oral argument, the Court of Appeals invited petitioner to dismiss his direct appeal and challenge the validity of his jury waiver on collateral review, an invitation that petitioner and his appellate counsel declined:

> When we heard oral argument in this case, we raised the possibility that Williams might wish to drop this direct appeal (which raises no issue other than the jury waiver) and reserve the validity of this waiver for collateral review under 28 U.S.C. § 2255, and the opportunity that might afford him to develop the record as to the relevant facts surrounding his waiver. We gave Williams and his counsel time after argument to make that decision. We are informed, however, that Williams wishes to proceed with this appeal. So be it.

*Id*. at 615 (internal citations omitted). Based on the limited record on appeal, the Court of Appeals affirmed petitioner's conviction because petitioner had failed to show that his substantial rights were affected by the trial court's errors. *Id.* at 615.

Petitioner elected to proceed with his challenge to the validity of his jury waiver on direct appeal, even after the Court of Appeals suggested that he instead pursue the issue in habeas proceedings, where he could fully develop the factual record (and the Court notes that petitioner has not challenged the effectiveness of his appellate counsel in this proceeding). Petitioner has

4

not identified any changed circumstances that would warrant reopening the issue. The Court accordingly will not reconsider the validity of petitioner's jury waiver here, even repackaged as an ineffective assistance of trial counsel claim.

### 2. Competency

Next, petitioner argues that his trial counsel rendered ineffective assistance by failing to investigate petitioner's competency and by failing to request a competency hearing. Petitioner states that he has a learning disability, that his comprehension and understanding are very low, and that he was placed in special education classes in school. In addition, petitioner states that his mother and uncle have been treated for schizophrenia, although he himself has never been examined by a mental health professional. Finally, he states that he "obviously" had communication difficulties with his trial attorneys, and that his attorneys did not ask him about his mental health or educational history. Petitioner does not offer any specific examples of the communication difficulties he claims.

To be competent to stand trial, a criminal defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [and] a rational as well as factual understanding of the proceedings against him." *U.S. v. Ewing*, 494 F.3d 607, 622 (7th Cir. 2007) (quoting *Dusky v. U.S.*, 362 U.S. 402, 402 (1962)). A court must conduct a competency hearing "if there is reasonable cause to believe the defendant may presently be incompetent." *Id*.

Petitioner has offered no facts to show that his trial attorneys had any reason to believe that he was not competent to stand trial. The Court concludes that petitioner's allegations relating to this claim are too vague and conclusory to warrant an evidentiary hearing or relief.

5

*See Kafo v. U.S.*, 467 F.3d 1063, 1067 (7th Cir. 2006) (stating that an evidentiary hearing is not required when a § 2255 petitioner's allegations are "vague, conclusory, or palpably incredible rather than detailed and specific").

    **B.**    **Fair Sentencing Act of 2010**

Finally, petitioner contends that he is entitled to be resentenced under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA"). The FSA, enacted on August 3, 2010, "amended the Controlled Substances Act and Controlled Substances Import and Export Act by resetting the drug quantities required to trigger mandatory minimum sentences." *U.S. v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010), *cert. denied*, No. 10-9409, 2011 WL 845911 (U.S. Apr. 18, 2011). As the Seventh Circuit has made clear, the FSA is not retroactive, and "applies only to defendants who are sentenced based on conduct that took place after August 3, 2010." *U.S. v. Fisher*, 635 F.3d 336, 337 (7th Cir. 2011). Since petitioner was sentenced based on conduct that occurred long before August 3, 2010, the FSA does not apply to his case.

**ORDERED:** Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody [1] is denied.

                                                ENTER:

                                                George W. Lindberg
                                                Senior U.S. District Judge

DATED:   April 25, 2011