# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 607 | **DATE** | 6/6/2011 |
| **CASE TITLE** | U.S. vs. Williams | | |

**DOCKET ENTRY TEXT**

Petitioner's motion to reconsider [16] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On April 25, 2011, this Court denied petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Petitioner has filed a motion to reconsider that ruling pursuant to Federal Rule of Civil Procedure 59(e). Petitioner certifies that he mailed his motion on May 20, 2011, and under the mailbox rule the Court considers it to have been filed on that date. *See Houston v. Lack*, 487 U.S. 266 (1988). Since plaintiff filed his motion within 28 days after the Court entered judgment, it was timely filed under Rule 59(e).

Rule 59(e) "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The Court may grant petitioner's Rule 59(e) motion only if he "presents newly discovered evidence that was not available at the time of trial or if [he] points to evidence in the record that clearly establishes a manifest error of law or fact." *See Matter of Prince*, 85 F.3d 314, 324 (7th Cir 1996).

Petitioner argues that this Court misconstrued his ineffective assistance of trial counsel claim as a claim that the trial court had erred in accepting his jury waiver. As this Court observed in its ruling, on direct appeal the Court of Appeals concluded that petitioner had failed to establish "that he did not have a concrete understanding of his right to a jury and that it is reasonably probable that he would not have waived a jury had he had such an understanding." *U.S. v. Williams*, No. 11 C 607, at 4 (N.D. Ill. Apr. 25, 2011) (order denying § 2255 petition) (quoting *U.S. v. Williams*, 559 F.3d 607, 615 (7th Cir. 2009)). In this habeas proceeding, petitioner attempted to reargue that he did not understand his right to a jury trial and that he would not have waived his right to a jury had he understood that right, although he recast the argument as an ineffective assistance of counsel claim. The Court properly declined to revisit the issue of the validity of the jury waiver in the context of considering petitioner's ineffective assistance of counsel claim on habeas

| STATEMENT |
|---|

review. Accordingly, petitioner's motion for reconsideration of this issue is denied.

In the alternative, petitioner contends that he has new evidence of ineffective assistance of counsel that warrants reconsideration of the issue. Although petitioner states that he presents this new evidence in "Attachment I Supporting Facts," no such attachment was submitted with petitioner's motion for reconsideration. Moreover, petitioner does not indicate whether this evidence was "newly discovered or unknown" to him until now, and that with reasonable diligence he could not have discovered and produced it earlier, as is required to support a Rule 59(e) motion to reconsider based on newly discovered evidence. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Petitioner's motion for reconsideration is denied.

*[signature: George W. Lindberg]*